10980

PATTERSON v. ORANGEBURG FERTILIZER CO. *ET AL.*

(113 S. E. 318)

CORPORATIONS—SUIT PROPERLY BROUGHT AGAINST CORPORATION IN COUNTY IN WHICH IT MAINTAINED AGENT.—A corporation whose principal place of business was in O. county, was properly sued in B. county, wherein it was paying an agent to solicit orders and

adjust and forward contracts and notes executed, and it was not entitled to a change of venue to O. county, under Code Civ. Proc. 1912, § 176, authorizing a change where the county designated for trial is not the proper county.

Before SHIPP, J., Barnwell.   Affirmed.

Action by J. O. Patterson, Jr., against Orangeburg Fertilizer Co. et al.   From order overruling a motion for change of venue the defendant appeals.

For former appeal see 117 S. C. 140.

*Messrs. Raysor, Moss & Lide, Wolf & Berry* and *Harley & Blatt,* for appellant, cite: *Right to change of venue*: 11 S. S. 133; 112 S. C. 128; 113 S. C. 460; 79 S. C. 555; 68 S. C. 258; 69 S. E. 468.

*Messrs. Chas. Carroll Sims* and *Thos. M. Boulware,* for respondent, cite: *Admission in verified answer amounts to waiver*: 20 S. C. 564, 84 S. C. 343.   *Cave was agent of company*: 74 S. C. 70.   *Residence of corporation*: 1 Strob. 70; 47 S. C. 389; 78 S. C. 323; 74 S. C. 440; 86 S. C. 160.

August 17, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appeal is from an order of Hon. S. W. G. Shipp, Circuit Judge, denying motion of the defendant, the Orangeburg Fertilizer Company, appellant here, to change the venue of the action from Barnwell County to Orangeburg County, under the provisions of subdivision 1 of Section 176 of the Code of Civil Procedure (1912).

The contention of appellant is that the defendant, Orangeburg Fertilizer Company, is a domestic corporation, having its principal and only place of business in Orangeburg County, and that it is entitled as a matter of substantial right to have the pending cause tried in that county as the county of its legal residence.   The exceptions raise the one question as to whether, upon the facts appearing,

the Circuit Judge erred in refusing to change the place of trial.

The action was brought in the county of Barnwell by the plaintiff, Patterson, against the defendants, Orangeburg Fertilizer Company, the Planters' Bank of Orangeburg and T. S. Cave, a resident of Barnwell County. The defendant Cave was sued as the agent of the Orangeburg Fertilizer Company. At the trial upon circuit a verdict was directed in favor of each of the defendants. On appeal to this Court (117 S. C. 140, 108 S. E. 401) the judgment on verdict was affirmed as to the defendants the Planters' Bank of Orangeburg and T. S. Cave, and reversed as to the Orangeburg Fertilizer Company. Upon remand of the cause to the Curcuit Court, the defendant Fertilizer Company made this motion for change of venue.

It may be assumed that the effect of the judgment eliminating from the action the defendant Cave, the only resident of Barnwell County, was to demonstrate judicially that Cave was not such a necessary or proper party defendant as would give jurisdiction to the Court of Barnwell County in a joint action against Cave and the other defendants, who were nonresidents. *Rankin Lumber Co. v. Gravely,* 112 S. C., 128; 99 S. E., 349. The question now turns upon whether the former defendant Cave was at the Commencement of the action such a resident agent of the Orangeburg·Fertilizer Company as would give jurisdiction of that corporation in the county of the agent's residence. It was alleged in the amended complaint and admitted in the amended answer of the Orangeburg Fertilizer Company that T. S. Cave was the agent of said defendant, negotiated the execution of the contract set out in the complaint, and was a resident of Barnwell County. There was evidence before the Circuit Court, the defendant Fertilizer Company made the agent of the Fertilizer Company for about eight years, that he was paid a monthly salary, that his business was to

sell fertilizer, that he solicited orders and sent them to the headquarters of the corporation at Orangeburg, that he represented the company in the adjustment of terms of contracts and in having notes for the purchase price of fertilizer signed and forwarded, etc.

We think the Barnwell Court has jurisdiction. It is settled that a suit may be brought against a domestic corporation in any county where it maintains an agent and conducts its corporate business. The determination of the question here is controlled by the decision of this Court in *McGrath v. Piedmont Mutual Ins. Co.,* 74 S. C. 70, 54 S. E. 218, the essential facts of which case cannot be distinguished from those of the case at bar.

The order appealed from is affirmed.