12450

SINGLETARY v. HUMPHREY-COKER SEED COMPANY

(143 S. E., 269)

1. CORPORATION—DOMESTIC CORPORATION CAN BE SUED IN ANY COUNTY WHERE IT MAINTAINS BUSINESS AGENT BY SERVICE ON SUCH AGENT.—A domestic corporation is presumed to reside in any county where it maintains an agent for the transaction of its business, and hence can be sued in any such county by service of process on such agent therein.

2. CORPORATIONS—AGENCY OF ONE SERVED WITH SUMMONS FOR DEFENDANT CORPORATION HELD SUFFICIENTLY ESTABLISHED BY UNCONTRADICTED EVIDENCE AND AFFIDAVITS AS TO HIS AUTHORITY, DUTIES, AND HOLDING OUT AS AGENT.—Agency of one served with summons for defendant domestic corporation *held* sufficiently established, where defendant did not deny that he was authorized to take orders for sale of its goods in county of venue, and it ap-

NOTE: As to what constitutes place of residence of domestic corporation for purpose of service of process, see 7 R. C. L., 696; 2 R. C. L. Supp., 435.

pared from uncontradicted facts, sworn to in verified complaint and affidavit, that he was performing duties of, and held out by defendant as, agent.

3. APPEAL AND ERROR—CIRCUIT JUDGE'S CONCLUSIONS, SUPPORTED BY ANY EVIDENCE, THAT ONE SERVED WAS DEFENDANT CORPORATION'S AGENT, CANNOT BE DISTURBED.—Circuit Judge's conclusion, not wholly without evidence to support it, that one on whom summons was served was agent of defendant corporation, cannot be disturbed on appeal, even if Supreme Court questions sufficiency of testimony.

4. APPEAL AND ERROR—QUESTION, NOT RAISED BELOW, AS TO WHETHER DEFENDANT WAS DEPRIVED OF SUBSTANTIAL RIGHT TO TRIAL IN ANOTHER COUNTY, IS NOT PROPERLY BEFORE SUPREME COURT.—Question not raised before Circuit Judge, as to whether defendant was deprived of substantial right to have cause tried in another county, is not properly before Supreme Court.

5. VENUE—THAT PLAINTIFF IS CLERK OF COURT DOES NOT AFFECT RIGHT TO BRING SUIT IN HIS COUNTY.—That plaintiff is Clerk of Court does not deprive him of right to bring suit in his county, though he cannot draw jurors, act as Clerk at trial, nor participate officially in any other manner in connection therewith; remedy being application for change of venue.

Before Wilson, J., Lee, October, 1926.    Affirmed.

Action by R. H. Singletary against the Humphrey-Coker Seed Company. From an order refusing a motion to vacate the summons and dismiss the complaint, defendant appeals.

The complaint and appellant's exceptions, directed to be incorporated in the report, were as follows:

## COMPLAINT

The plaintiff above-named, complaining of the defendant above-named, alleges:

(1) That the plaintiff is informed and believes that at the times hereinafter mentioned the defendant was, and still is, a corporation organized under the laws of the State of South Carolina, and has its principal place of business in the town of Hartsville, in the County of Darlington, and was and is doing business in the County of Lee, and maintains an agent in the County of Lee for the purpose of the transaction of its business.

(2) That on or about the —— day of ——, the plaintiff purchased from the defendant ten bushels of cotton seed for planting purposes, for the year 1926, upon the representation and warranty of the defendant that the same were high-grade pedigreed blight-proof seed, and that the plants grown therefrom would not blight; and that, in consequence of the representation and warranties made by the defendant, the plaintiff paid a large premium over and above the market price for unbred seed, said premium being charged by the defendant and paid by the plaintiff on account of the representation and warranty that said cotton seed were high-bred, blight-proof seed.

(3) That the plaintiff planted said cotton seed upon about ten acres of his farm in said County and State, during the year of 1926, and that said cotton seed were not blight proof, but instead, the plants grown therefrom were attacked with blight, so that more than 75 per cent. thereof died from blight.

(4) That, by reason of the failure of said cotton seed to come up to the representations and warranties made by the defendant, as aforesaid, the plaintiff has been damaged in the sum of $800.

Wherefore, the plaintiff demands judgment against the defendant for the sum of $800, together with the costs and disbursements of this action.

### EXCEPTIONS

Notice of intention to appeal having been duly given, defendant now appeals from the order aforesaid on the following exceptions:

I. Because his Honor erred in refusing to set aside the service of the summons on the ground that defendant is a resident of Darlington County, S. C., has its principal and only place of business at Hartsville, in that County, owns no real estate or other property in Lee County, and therefore is not a resident there, and has no agent in Lee County upon whom summons and complaint may be served, J. W. Thames

not being an agent of the defendant; it being respectfully submitted that the only place of residence of the defendant is in Darlington County; that the defendant is without legal residence in Lee County and does not maintain a place of business or servants, employees or agents engaged in conducting and carrying on the business for which the defendant exists in Lee County; that J. W. Thames is not an agent of the defendant; and that there is no evidence to support the finding of the trial Court.

II. Because his Honor should have held that the Court of Common Pleas of Lee County was and is without jurisdiction of the subject-matter of the action, and he erred in not so holding.

III. Because his Honor erred in depriving defendant of a substantial right to have the cause tried in some other County than Lee, in which plaintiff is the clerk of Court, and therefore disqualified to do or perform any act or thing required by law to be done in the prosecution of said cause; it being respectfully submitted that the defendant has a right to have every official act, in respect of this cause, performed by an officer competent to act and that plaintiff is disqualified to act in his own cause, either to file a pleading or enter the cause, or do any other act or thing in connection therewith.

*Messrs. Miller, Lawson & Stokes,* for appellant, cite: *As to service of process:* 104 Fed., 686; 53 N. J. Eq., 150; 11 L. R. A., 101; 76 N. W., 36; 39 Mich., 470; 38 Cal., 151; 17 Hun., 316; 19 Hun., 405; 50 Fed., 681; 54 Fed., 420; 38 L. R. A., 271; 95 Fed., 398; 100 Fed., 738; 49 L. R. A., 77; 113 N. E., 89; 95 Fed., 398; 137 Fed., 590; 79 S. C., 55. *Distinguished:* 124 S. C., 336; 120 S. C., 478. *Officer having interest in case disqualified from performing any act required by law to be done in prosecution of case:* 39 S. C., 400; 110 S. C., 349; Art. 5, Sec. 6, Const.

*Messrs. Tatum & Jennings,* for respondent, cite: *Agency may be established by implied authority:* 140 S. E., 804. *Case at bar controlled by:* 120 S. C., 478; 124 S. C., 346.

May 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This is an appeal from an order of his Honor, Judge John S. Wilson, refusing a motion of the defendant to vacate the summons and dismiss the complaint in an action instituted by the plaintiff, R. H. Singletary, against the defendant, Humphrey-Coker Seed Company, in the Court of Common Pleas for Lee County, in connection with the sale of ten bushels of cotton seed to the plaintiff for planting purposes; it being alleged that the seed were not as represented, and that the plaintiff thereby sustained damages.

The summons and complaint were, on the 25th day of September, 1926, served on one J. W. Thames, resident of the said County of Lee, and an alleged agent of the defendant, a domestic corporation with its principal place of business in Darlington County, but alleged to be conducting business through the alleged agency of the said J. W. Thames in the said County of Lee, which agency, the plaintiff alleged, was maintained by the defendant in said County for the purpose of the transaction of its business.

The defendant based its motion on the affidavit of S. Pressly Coker, manager of the defendant corporation, and on the affidavit of J. W. Thames, on whom service was made. So much of Mr. Coker's affidavit as is pertinent to the questions involved herein is as follows:

"Personally comes S. Pressly Coker, who, being duly sworn, says that he is the manager of the defendant, a corporation chartered and existing under and by the laws of this State, having its principal and only place of business at Hartsville, in Darlington County, this State; that the defendant has no office or agent in Lee County, and has no agent there upon whom summons and complaint may be served, and that J. W. Thames is not now, and never has been, an agent of defendant; that Mr. Thames' sole con-

nection with the transaction in litigation herein was to receive from Mr. Singletary and transmit to defendant an order for seed, for which he received a commission; that no representations were made, and nothing whatsoever was done by the said Thames except as herein stated, and Mr. Thames had no authority to do more than to take the order, quote prices, and transmit the order to the defendant. * * * Deponent further says that the defendant appears in this action for the sole purpose of moving to set aside the service of the summons and for no other purpose."

The affidavit of J. W. Thames is as follows:

"Personally comes J. W. Thames, who, being duly sworn, says that he resides at Bishopville, S. C., having lived there since about 1915. Deponent further says that he has not now, and never had, any business connection whatever with the Humphrey-Coker Seed Company, except that he has taken some orders for seed on a commission basis; that he has never otherwise represented said Company nor undertaken to do so; that he has never made any representations to anybody about the seed for which, as stated, orders have been taken, and that he made none to Mr. R. H. Singletary—I simply took Mr. Singletary's order for the seed in question, and transmitted it to the Company at Hartsville, S. C."

In reply to these affidavits, the plaintiff, R. H. Singletary, made the following affidavit:

"That he is the plaintiff in the above-stated case. That he knows of his own knowledge that J. W. Thames is a resident of the town of Bishopville, Lee County, S. C., and that for the past two years at least J. W. Thames has been selling seed in Lee County for planting purposes, for the defendant. That he has sold said seed to a large number of customers in Lee County, the exact number, of course, deponent cannot state. That the said J. W. Thames sold the cotton seed to the plaintiff about which this suit is brought. That, in case of the order for the cotton seed referred to in that suit, deponent discussed with Mr. Thames the matter

of the purchase of these cotton seed, stating to him the character of seed that he desired and stating the kind of land they were to be planted upon; and the said Thames solicited his order for the defendant's seed, made the recommendations and statements relative to them, and as a result thereof, deponent gave to Mr. Thames his oral order for ten bushels at the sum of $30, and that within a reasonable time for shipment in due course, the cotton seed arrived at Bishopville, consigned to deponent, shipped by the defendant. That, prior to the shipment of the cotton seed, the defendant notified the plaintiff that they would allow him a certain per cent. discount for cash, for December shipment; and that plaintiff accepted that proposition, and the seed were shipped in December, and were paid for by him. That deponent purchased cotton seed for planting purposes for the year of 1925 from the defendant through Mr. Thames, and that the transaction was handled in a similar way; that is, he gave Mr. Thames his oral order for the cotton seed, and in due course they were shipped to him. That, knowing that Mr. Thames was representative of the defendant in this County, he went to him concerning the shipment in suit, and took up with Mr. Thames the matter of his wants of blight-proof seed referred to in the complaint, with the result that has been above stated. That Mr. Thames is known in this community as the representative of the defendant, in the sale of high-grade pedigreed cotton seed for the defendant. That, when deponent discovered the condition of his cotton his year that was grown from the seed in question, he wrote the defendant a letter about it, and received no reply. That thereafter he took the matter up with Mr. Thames, and Mr. Thames stated that he would call the defendants upon the telephone and take it up with them, and that within a very short time, probably twenty-four hours after the conversation with Mr. Thames, he received a letter from the defendant stating that they would send a representative over to look into it, and within two

or three days a representative of the defendant did come and look over deponent's crop. That deponent states on information and belief, which information was derived from statements made to him by Mr. Thames, himself, since the service of this motion, that two or three years ago the defendant approached him and asked him if he would not sell seed for them in Lee County, and deponent (error—meaning Thames) agreed to do so; and that ever since that time he has been from time to time in connection with other business, selling their pedigreed seed in this County. That there has been no change in that relationship, and that he will now make sales for them just as he has been doing for the past two or three years. That during the fall of 1925 and the spring of 1926, for planting purposes for the year of 1926, Mr. Thames sold for the defendant seed to the following named persons, all residents of Lee County: C. E. Johnson, J. S. Watkins, G. P. Ford, H. W. Woodward, J. L. Scarborough, F. J. Davis, L. R. Dixon, C. B. Pate, H. V. Stricklin, W. G. Tisdale, R. L. Hearon, W. P. Baskin, J. M. Hearon, R. R. Shaw, Mrs. Fannie Davis, J. B. Lane, Lawton Beasley, and J. H. Des Champs. That the said J. W. Thames has in his possession an order book of the defendant, and that during last fair in Lee County the defendant took some orders direct at the fair from citizens of Lee County, and they gave Mr. Thames credit for these orders, and put them in his order book. That Mr. Thames gave to deponent the duplicate of deponent's order for the seed about which this suit is brought, and the same is attached hereto as a part of this affidavit. That deponent saw Mr. Thames tear this order out of his order book at the time that it was given to deponent. Mr. Thames did not state, and deponent does not know, how Mr. Thames is compensated for the work which he is doing for the defendant, but he does know that Mr. Thames is rather active at certain seasons of the year in soliciting business for the defendant, and from his general conduct Mr. Thames is

rather vigilant in taking care of the interest of the defendant. That Mr. Thames exhibited to the deponent a number of catalogs of the defendant, which he now has in his possession. This exhibition of catalogs was made at the time that deponent had the conversation with him, and procured his duplicate order since the service of this motion. Deponent states of his own knowledge that Mr. Thames is commonly known in this community as the agent of the defendant, for the purpose of selling their seeds, and that Mr. Thames holds himself out as their agent in the sale of seed. Deponent states on information and belief, which information was derived from Mr. Thomas H. Tatum, that Mr. Tatum purchased from the defendant through Mr. Thames, in the early part of the year of 1925, a large order of cotton seed, something like 100 bushels, and pursuant to that order the seed were shipped to him and paid for by him to the defendant."

There was also presented to the Court in connection with this affidavit a paper purporting and appearing to be a duplicate of the order which Mr. Singletary, the plaintiff, gave to defendant through the alleged agent, Mr. Thames, which was made out by Mr. Thames as such agent on the regular forms of the defendant.

After a full hearing and due consideration of the moving papers in connection with the showing made by the plaintiff, his Honor, Judge Wilson, refused the motion, holding that the service objected to was valid and legal. From this order of Judge Wilson the defendant has appealed to this Court, imputing error to his Honor as set forth under appellant's exceptions, which will be incorporated in the report of the case.

Adopting the outline made by appellant, the exceptions raise three questions. The first and second of these questions, which will be considered together, are as follows:

I. Was it error to refuse to set aside the service of the summons on the ground that the defendant is a resident of

Darlington County, S. C., has its principal and only place of business at Hartsville, in that County, owns no real estate or other property in Lee County, and, therefore, is not a resident there, and has no agent there upon whom summons and complaint may be served, J. W. Thames not being an agent of the defendant?

II. Was it error to refuse to hold that the Court of Common Pleas of Lee County was without jurisdiction?

As we view the facts in the case, these questions must be answered against appellant's contention. Under the decisions of this Court it is the recognized rule in this State that a domestic corporation is presumed to reside in any County where it maintains an agent for the transaction of its business, and can therefore be sued in any such County by service of process upon such agent therein. In the case of *McGrath v. Insurance Co.*, 74 S. C., 70; 54 S. E., 218, in which case the opinion of the Court was written by Mr. Justice Jones, afterwards Chief Justice, the Court had under consideration a question similar to the question in the case at bar, and held that, unless otherwise provided by charter, a domestic corporation could be sued in any County of the State in which it conducted business. In this opinion, Mr. Justice Jones used this language:

"It would seem, therefore, that in this State, whatever may be the rule elsewhere, a domestic corporation resides in any County where it maintains an agent and transacts its corporate business."

In the case of *Patterson v. Orangeburg Fertilizer Co.*, 120 S. C., 478; 113 S. E., 318, in which the opinion of the Court was written by Mr. Justice Marion, the Court held that the defendant, whose principal place of business was in Orangeburg County, could be sued in Barnwell County by service of process on one Cave, a resident of Barnwell County, who was an agent of the defendant for the purpose of selling goods of the defendant in Barnwell County.

Also, in the case of *Bass v. American Products Co.,* 124 S. C., 346; 117 S. E., 594; 30 A. L. R., 168, in which the opinion of the Court was written by Mr. Justice Marion, the Court had before it a very similar question to the one now under consideration, and the service of process was sustained.

As to the contention of appellant that proof of agency in the case at bar was not established, we are of the opinion that the proof was ample on this question. The defendant does not deny that Thames, the alleged agent, was authorized to take orders for the sale of defendant's goods in the said County of Lee, and it appears from the facts sworn to by the plaintiff, both in the verified complaint and in his affidavit used before Judge Wilson at the hearing, that Thames was performing the duties of an agent, and was so held out by the defendant, and, too, we may add, there is nothing in the record tending to contradict the greater part of the facts sworn to by the plaintiff.

Further, as was stated by Mr. Justice Marion in his opinion in the case of *Bass v. Products Co., supra:*

"The law commits the determination of the issue here made to the Circuit Judge, and, whether his conclusion was correct or not, we may not properly hold that his finding was wholly without evidence to support it."

Therefore, for this reason alone, the exceptions cannot be sustained, even if we questioned the sufficiency of the testimony, which we do not do.

The third question presented by the exceptions under the grouping by appellant is:

III. Was defendant deprived of a subsantial right to have this cause tried in some other County than Lee, in which plaintiff is the Clerk of Court, and, therefore, disqualified to do or perform any act or thing required by law to be done in the prosecution of the case?

It does not appear that this question was raised before the Circuit Judge, and is therefore not properly before this Court, but waiving this objection, we do not think there is any merit in the exception that raises this question. While, of course, a Clerk of Court should not be permitted to draw jurors for the trial of his case, act as Clerk at the trial, nor participate officially in any other manner in connection with the trial, we know of no law, and can conceive of no reason, why a citizen should be deprived of the right to institute a suit in his County because he holds this office. The remedy is application to the Court for change of venue.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER, and MR. ACTING ASSOCIATE JUSTICE THURMOND concur.

MR. JUSTICE COTHRAN (concurring): The evidence shows, at least, that the transactions in which the defendant was concerned, and with which Thames had connection, by authority of the defendant, were the solicitations by him of orders for cotton seed which the defendant had to sell; the physical acceptance of such orders; and the forwarding of them to the defendant for acceptance and filling; upon which he received commissions.

The receipt of orders for its goods was as essential to the conduct of the defendant's business as the propagation and preparation of its seed for market, the acceptance of orders, and the shipment of the seed; and the solicitation of orders was in furtherance of the business of the defendant.

If the defendant had personally engaged in the business of solicitation in Lee County, I do not apprehend that it would be contended that it was not engaged in the transaction of its business in that County; what it could so do, it could authorize to be done, with the same consequences.

This is a much stronger case for the plaintiff than the case of *Bass v. American Co.,* 124 S. C., 346; 117 S. E., 594; 30 A. L. R., 168, in which decision I did not, and do not yet, agree. As a matter of fact, the point now raised was explicitly held in the *Bass case* not to have been presented. I still think that this establishes a precedent that is fraught with great inconveniences, as was the *Bass case,* and it would have been much better to have made no distinction between personal defendants and domestic corporations as pointed out by me in the *Bass case.* Of course, service upon foreign corporations is governed by entirely different rules.