12935

TAYLOR v. NEWS & COURIER CO.

(153 S. E., 571)

*Messrs. E. L. Ard* and *Hinds & Meadors,* for appellant,

*Messrs. Mitchell & Horlbeck* and *Lee & Shuler,* for respondent,

June 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant, the News & Courier Company, is a domestic corporation, with its principal place of business in Charleston, and is the publisher of the News & Courier, a daily newspaper of extensive circulation in South Carolina and in adjoining states. The plaintiff, a citizen of Williamsburg County, brought this action for damages for publication by the defendant in its paper of certain alleged libelous

matter of and concerning him. Personal service of the summons and complaint was made on Mrs. T. S. Hemingway (Laura C. Hemingway), who was and is a resident of Kingstree, the county seat of Williamsburg, and who, the plaintiff claims, was the regularly employed agent and representative of the defendant. A motion was made by the company to have the service vacated and set aside, as stated in the Court's order, "On the ground, first, that the service purporting to have been made upon the defendant corporation was not made upon the president or other head of the defendant company, its cashier, treasurer, secretary, director or agent thereof; and that the Court of Common Pleas for Williamsburg County is without jurisdiction to proceed therein; and, secondly, on the ground that the plaintiff in the above-entitled action previously attempted to get jurisdiction in the County of Williamsburg of the defendant herein by serving one T. E. Huggins, who was a correspondent of the News & Courier, occupying the same relationship to the defendant company as Mrs. Hemingway, upon whom the attempted service has been made in this action, and which service in the previous action was set aside and the action dismissed, and that, therefore, the plaintiff is concluded by the judgment of the Court in that action."

On affidavits filed by both parties, the matter was heard by Judge Wilson, who sustained the motion upon the first ground stated, in the following language: "After consideration of all the facts and circumstances as disclosed by the affidavits and the argument of counsel on both sides, I am constrained to set aside the service, because I am satisfied that Mrs. Laura C. Hemingway, upon whom the attempted service was made as an agent of the defendant, the News & Courier, was, and is not, an agent of that company, and, therefore, it is unnecessary to consider the second ground upon which the motion was based. It appears that Mrs. Hemingway, when, and as she pleased, gathered news of

whatever kind and wherever she wished, and also wrote articles upon places of historic or other interest, and then offered them to certain newspapers within and without the State and also to certain magazines, and if accepted by them, she was paid therefor at a stipulated rate and this was her whole and sole connection with the defendant company. She did not in any way act for, nor stand in place of the company, nor have dealings with third persons, as its representatives, and it has been clearly established that she was in no way an agent of the corporation, upon whom service could bind the corporation."

The plaintiff appeals from the Court's order, and contends that Mrs. Hemingway was an agent of the respondent in the sense contemplated by the statute prescribing the manner of serving domestic corporations in this State, and that the process served on her, under the facts shown, was a valid one and binding on the respondent, citing Sections 378 and 390, Vol. 1, Code, 1922; *McGrath v. Insurance Company,* 74 S. C., 69, 54 S. E., 218; *McSwain v. Grain Company,* 93 S. C., 103, 76 S. E., 117, Ann. Cas., 1914-D, 981; *Patterson v. Fertilizer Company,* 120 S. C., 478, 113 S. E., 318; *Bass v. Products Company,* 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Singletary v. Seed Company,* 145 S. C., 539, 143 S. E., 269.

We do not agree with appellant's contention. A careful reading of the affidavits printed in the record convinces us that Judge Wilson's findings of fact, as set out in his order, are substantially sustained by the evidence adduced at the hearing. While it appears that Mrs. Hemingway was referred to and regarded by the public as a newspaper correspondent, the extent of her connection with the respondent was as stated in the Court's order. It is admitted that she did not write the articles complained of by the appellant; nor did she act for the respondent at any time as its representative in its dealings with third persons. Under the facts

and circumstances, and the law applicable, the Circuit Judge was justified in holding that she was not an agent of 'the respondent upon whom service could bind the corporation. We have examined the several decisions of this Court cited by the appellant in support of his position. We think, however, that the facts of those cases differentiate them from the case at bar.

The order appealed from is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER and MR. ACTING ASSOCIATE JUSTICE GRAYDON concur.

MR. CHIEF JUSTICE WATTS did not participate.