13270

GOSSETT v. BELTON POWER COMPANY
(3 Cases)

(161 S. E., 174)

*Messrs. Watkins & Prince,* for appellant,

*Messrs. Blythe & Bonham,* for respondent,

November 9, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The identical question is involved in all three of these cases. On circuit, by agreement of counsel for all the parties, the late Hon. T. J. Mauldin, Circuit Judge, passed a single order. And, likewise, counsel have agreed that the appeals therefrom would be treated as a single appeal, and the judgment of the Court, as well as this opinion, disposes of the matter here involved in all the cases.

The actions were instituted in Greenville County. The several complaints allege that the appellant company some 25 years ago constructed a dam across Saluda River, impounding a large pond of water; that respondents live near the pond; that as a result of the negligent construction and operation of the dam, malarial conditions have arisen, injuring the health of the respondents, and causing them damages for which they sue.

Before answering, the appellant gave notice of a motion to change the place of trial to Anderson County, and when it answered it reserved its rights under the noticed motion. Judge Mauldin refused the motion, and the appeal is from his order thereon.

The grounds of the motion, supported by affidavit, were that the appellant is a domestic corporation, that its office and place of business and all its agents are in Anderson County, where it conducts all of its business, and that it has no office, place of business, or agent in Greenville County, and had none at the time of the commencement of the actions; that, accordingly, it is a resident of Anderson County, and that county is the proper one for the trial of the causes.

The respondents filed affidavits tending to show that the appellant has its power plant, and all of its electrical fixtures and equipment contained therein, located on Saluda River in Greenville County, where it owns lands; that all the power sold is generated at that plant, in charge of a superintendent of the appellant, who has four assistants under him; and

that the superintendent and his assistants live in houses owned by the appellant, located in Greenville County.

On the facts, Judge Mauldin found with the respondents, particularly holding that the appellant "keeps an agent, to-wit, a superintendent," in Greenville County.

"It is settled that a suit may be brought against a domestic corporation in any county where it maintains an agent and conducts its corporate business." *Patterson v. Orangeburg Fertilizer Co.*, 120 S. C., 478, 113 S. E., 318, 319.

"The law commits the determination of the issue here made to the Circuit Judge," and if there was evidence to support his findings of fact, we must sustain his conclusion. *Bass v. American Products, etc., Corp.*, 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Singletary v. Humphrey-Coker Seed Co.*, 145 S. C., 539, 143 S. E., 269.

The appellant was chartered to generate, transmit, and sell hydroelectric power. The generating of the power is an integral and essential part of the business of the appellant, and that is done in Greenville County. It cannot sell the power until it is generated. The superintendent, in charge of the generating plant, is conducting appellant's "corporate business," at a business place of the appellant in Greenville County.

Under the cases above cited, and *Jenkins v. Bridge Co.*, 73 S. C., 526, 53 S. E., 991, we must sustain the order of the Circuit Judge, and it is, accordingly, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER, CARTER and BONHAM concur.