13906

McLAUGHLIN v. INTERNATIONAL HARVESTER CO. OF AMERICA

(175 S. E., 810)

*Mr. W. C. Wolfe* for appellant.

September 17, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Mamie G. McLaughlin, as plaintiff, against International Harvester Company of America, defendant, was commenced in the Civil Court of Florence by service of the summons and complaint upon David Bradham, as agent for the defendant, in Florence County; and the case comes before this Court on appeal from the ruling and order of Hon. R. W. Sharkey, Judge of said Court, overruling a demurrer and refusing a motion on the part of the defendant to dismiss the service of the summons and complaint upon the defendant. The motion to dismiss the said service was based upon the following grounds stated in demurrer, and upon the alleged facts appearing in the following affidavit, omitting formal parts:

### DEMURRER

"This Court has no jurisdiction of the person of the defendant or the subject matter of this action because the defendant has not given its consent to be sued in this Court in this case as required by Section 103 of the Code of Civil Procedure of South Carolina (1932), this being a Court of limited jurisdiction and the defendant being, as appears upon the face of the complaint, a foreign or nonresident corporation."

"Personally appeared before me David Bradham, who being duly sworn says:

"1. That he is an agent in South Carolina for the defendant.

"2. That the defendant has no office or agent in Florence County, South Carolina.

"3. That the defendant has offices and agents in Richland and Orangeburg Counties, in said State.

"4. That the defendant, upon information and belief, has been duly authorized to transact business in this State under its domestication statutes."

In reply the plaintiff filed the following affidavits, omitting formal parts:

"Personally appeared before me J. M. Law, who, being duly sworn, says that he is a resident of the County of Florence, State of South Carolina, and is the president of the Law Motor Company, a corporation organized under the laws of the State of South Carolina, with its principal place of business in the City of Florence, County of Florence, State of South Carolina, where it is the dealer for International Harvester Company;

"That on or about May 10th, 1933, Law Motor Company took over the distribution and sale of International Harverster Company products in Florence and Marion Counties;

"That, from about May 10th, 1933, to September 1st, 1933, C. M. Holt, who resided at Florence, was the collector for the International Harvester Company in the Florence territory; that on or about September 1st, L. G. Justice was made collector in the Florence territory; that, since Law Motor Company has been the dealer for International Company at Florence, its place of business has been used by the collectors in transacting the business of the Company in collecting its accounts, that is, the collector has mailed from the office of the Law Motor Company, statements to debtors requesting that they come into the Law Motor Company to see the collector and make payment of their account."

"Personally appeared before me, B. C. McLaughlin, who, being duly sworn, says that he is a resident of the County of Florence, State of South Carolina; that during the year 1932 he was the president of McLaughlin-Shirley Company, a corporation organized under the laws of the State of South Carolina, operating a mercantile business in the City of Florence; that during the year, 1932, McLaughlin-Shirley Company was a dealer for International Harvester Company's products in Florence and Marion Counties; that, during this time, deponent was active in the management of Mc-Laughlin-Shirley Company and had a great deal of personal dealings with representatives and agents of the International Harvester Company; that he is acquainted with Mr. C. M. Holt, the collector of the International Harvester Company for the Florence territory; that Mr. Holt has been residing for over a year in the City of Florence and makes Florence the headquarters of the International Harvester Company for the collecting of its accounts in that territory; that he maintains and keeps a box in the U. S. Post Office at Florence, which is No. 307, and that he transacts and engages in the business of the International Harvester Company at the Colonial Hotel in the City of Florence, which hotel he makes his headquarters during the summer months while his family is at Myrtle Beach, and during the winter months he resides in the City of Florence with his family and transacts the business of the International Harvester Company at his residence.

"That deponent is personally acquainted with Mr. Bob Carroll, who resided in the City of Florence, at No. 507 West Palmetto Street, for the past five months; that Bob Carroll is the selling agent of the International Harvester Company in the Florence territory and makes the City of Florence his headquarters for the said territory; that he takes orders and arranges for the sale of International Harvester Company's products in the said territory and transacts the business in connection with his duties as salesman at his

residence, No. 507 West Palmetto Street, in the City of Florence; that the International Harverster Company maintains an agent, Mr. C. M. Holt, in the City of Florence for the purpose of collecting accounts due it in the Florence territory, and also an agent, Mr. Bob Carroll, in the City of Florence for the purpose of making sales of these products, and that both of these agents have been located in Florence and engaged in transacting International Harvester Company's business for a period of over five months prior to the date of this affidavit."

There was introduced at the hearing before his Honor, R. W. Sharkey, Judge of said Court, affidavit of counsel for the appellant, which we, for the purpose of showing appellant's position, quote at length, omitting certain formal parts:

"Personally appeared before me William C. Wolfe, who being duly sworn says upon oath, that he is counsel for the International Harvester Company of America in South Carolina; that this corporation has duly complied with the laws of South Carolina regulating the doing of business in this State, including the service of process; that, upon information and belief, such corporation has complied with the provisions of Section 7765 of the Code of Laws of South Carolina, 1932, as amended by the Act of 1933, appearing at page 488 of the Acts of that year, by designating a principal place of business or place of location in this State at which all legal process may be served; and that such principal place of business or place of location of said corporation has been designated as being on Huger Street, in the City of Columbia, in the County of Richland, in said State; that pursuant to the provisions of the law and such statute such process can only be served upon an agent or representative of this corporation at said place as required by law; that the attempted service of process in this action upon David Bradham is void because not served upon the corporation at such designated place of business, and be-

cause he was not therein at the time of such service; further, that such attempted service of process in this case upon the defendant is also void because under the provisions of Section 7765 of the Code of Laws of South Carolina, 1932, as amended, 1933, by the Act, page 488, such action can be brought only in a Court of competent jurisdiction in the County of Richland, in said State, which has been designated as a proper place for service of process, so that the attempted service of process in this action upon David Bradham in Florence County was void and the aforesaid Court has no jurisdiction either of the person of the defendant or the subject matter of this action. Deponent attaches as a part of this affidavit sheet containing Section 19 of dealer's contract relative to agency.

"19. Dealer Not Company's Agent. The Dealer is not the Company's agent in any respect and is not authorized to act as agent for the Company or incur any obligations or make any promises or representations on its behalf."

After hearing argument and upon consideration his Honor, Judge Sharkey, who heard the case, filed an order overruling the demurrer and the motion to dismiss. In the order issued, his Honor made the following pertinent statement: "Both these motions are overruled, as it appears from the affidavits filed by the plaintiff that the defendant has an agent in the City of Florence, is doing business in the County of Florence in the jurisdiction of this Court, and that it uses the offices of the Law Motor Company, in the City of Florence for the purpose of conducting some of its business transacted in Florence County."

From the judgment entered, following the ruling and order of Judge Sharkey, the defendant, pursuant to due notice, has appealed to this Court.

The allegations of error imputed to the trial Judge in overruling the demurrer and refusing the motion to dismiss the service of the summons and complaint raise, as stated by appellant, the following questions:

"1. Has the Civil Court of Florence acquired jurisdiction of the defendant-appellant, a foreign corporation licensed to do business in this State, when admittedly the defendant has not consented to be sued therein?

"2. Does not the statute as amended by the Act of 1933 (page 488), require service to be made upon the defendant-foreign corporation at its legal residence in Richland County?

"3. Can this suit be brought and maintained in Florence County when the defendant is a resident of Richland County?

"4. Does not the judgment of the Civil Court of Florence County, holding and deciding that this suit can be brought and maintained in Florence County, when the legal residence of the defendant is in Richland County, contravene the equality clauses contained in the Fourteenth Amendment to the Federal Constitution and the similar provision in the State Constitution in that all other persons and corporations must be sued in the county in which they reside as citizens thereof?"

These questions we shall consider together.

It is true, as contended by appellant, that the defendant is a foreign corporation, and, it seems, under the proof submitted, has complied with the provisions of Section 7765, Code of 1932 as amended by Act, May 16, 1933 (38 St. at Large, page 488, § 1), having designated a place within this State as the principal place of business or place of location of said corporation in this State, "at which all legal papers may be served on said corporation," and admits that the said David Bradham, who was served in this case, is an agent of defendant in this State. However, it does not follow that the places so named (Richland and Orangeburg Counties) are the only places where papers may be served on such corporation. It will be observed that the word "may" is used and not "shall" in the provision above quoted. A domesticated foreign corporation may be served

wherever it has a place of business or owns property. See, in this connection, the case of *Tunstall v. Lerner Shops, Inc.,* and authorities therein cited, 160 S. C., 557, 159 S. E., 386.

The civil Court of Florence, in which Court this action was commenced, clearly has jurisdiction at the place where the service in question was made, Florence, S. C., and in which county the said agent was served. See Section 102, Code of 1932. The trial Judge, in making his ruling, held that the defendant, at the time in question, had an agent in the said City of Florence and was doing a business there, using at that place the offices of the Law Motor Company in the said city for the purpose of conducting a part of his business transacted in said County of Florence. In our opinion, the affidavits of B. C. McLaughlin and J. M. Law appearing in the transcript of record, from which we have quoted herein, clearly support this finding and holding of the trial Judge; and under the well-recognized rule, there being some proof to support the trial Judge in his finding and holding, this Court cannot hold that his Honor was wrong in his finding of fact and conclusion reached in the respect mentioned. Under the facts of this case, the consent of the defendant was not necessary in order to give the Court jurisdiction in the case.

In connection with the views expressed herein, in addition to the authorities cited above, we call attention to the case of *Singletary v. Humphrey-Coker Seed Company,* 145 S. C., 539, 143 S. E., 269, and authorities therein cited, and also the case of *Gossett v. Belton Power Company,* 163 S. C., 33, 161 S. E., 174.

For the reasons above stated, the exceptions must be overruled, and it is the judgment of this Court that the judgment of the lower Court be, and is hereby, affirmed.

Mr. Chief Justice Blease, Messrs. Justices Stabler and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.