13954

HARRISON v. CAROLINA MUTUAL BENEFIT CORPORATION
OF SOUTH CAROLINA

(177 S. E., 395)

*Mr. Norbert A. Theodore,* for appellant,

*Mr. M. M. Weinberg,* for respondent.

December 3, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by Leila Harrison, plaintiff, against Carolina Mutual Benefit Corporation of South Carolina, defendant, was commenced by summons and complaint, issued from the office of Magistrate W. M. Reynolds, Sumter County, September 15, 1933, and service thereof was made on the secretary of the defendant corporation at its home office in the City of Columbia, Richland County, S. C., September 16 or 17, 1933. Thereafter, according to the agreed statement appearing in the transcript of record, the defendant served upon the plaintiff's attorney notice of motion, upon the call of the case for trial, "for an order moving the place of trial and transferring the said case to the Richland County Court or the Court of Common Pleas for Richland County for trial; said motion being based upon the fact that the principal place of business of the defendant and the only place of business of the defendant in the State of South Carolina is in Columbia, South Carolina, of Richland County, and that the process in this action was served in the said County of Richland, State of South Carolina upon an officer of said defendant corporation, and that said action is not based upon any policy of insurance or issued by the said defendant on the life of the plaintiff, and that the proper place for trial is in Richland County."

Thereafter the defendant filed an answer to the complaint, reserving its right, under the above-mentioned notice and also under another notice of motion to strike out certain parts of the complaint. However, no question is presented in the appeal regarding the last-mentioned motion. Under its answer the defendant denied all of the material allegations of the complaint except the allegation as to the corporate existence of the defendant under the laws of South Carolina, and the allegation that the plaintiff is a resident of

the said County of Sumter. In addition, the defendant made the following allegations in its answer:

"This defendant alleges and shows in answer to the allegations of the complaint that it is perfectly apparent and printed on the receipt, if such receipt the plaintiff has, exactly what such receipt may be given for, namely Charter fee, Five ($5.00) Dollars; examination fee One ($1.00) Dollar; and registration fee One ($1.00) Dollar, reference to said receipt being hereby made.

"This defendant respectfully shows that at no time did the plaintiff make application to it for membership and that it has received no application from the said plaintiff for membership in the defendant corporation."

Based on this answer, the defendant asked for the complaint to be dismissed.

When the case was called up for trial before the said magistrate, the magistrate did not, at that time, rule upon the motion to transfer the case, but ruled that he would hear the motion for change of venue after the trial, *nunc pro tunc*. After taking the testimony, which we shall hereafter refer to, the motion to transfer the case was refused, and a verdict rendered for the plaintiff against the defendant in the sum of $152.50. Pursuant to due notice the defendant appealed from the judgment in the case to the Court of Common Pleas for Sumter County, and the appeal was heard by his Honor, Judge Philip H. Stoll, who sustained the ruling and judgment of the magistrate. Thereupon, pursuant to notice, the defendant appealed from the judgment of the Circuit Court to this Court, and served exceptions accordingly. In appellant's brief, counsel for appellant states, in effect, that the following are the points relied upon by the appellant to sustain the appeal from said Court: That the Circuit Judge committed error in sustaining the magistrate when the magistrate refused to transfer the case for trial from Sumter County to Richland County, on the ground that the principal place of the defendant corporation was in

Richland County, and that it maintains no office and did not have any agents in Sumter County, and, further, that the process was not served upon an agent of the defendant in Sumter County, but was served on an officer of the defendant in Richland County, and that there is no proof in the record that the defendant had a resident agent in Sumter County at the time of the commencement of the action.

The principal question to be answered is, Did the Magistrate's Court in Sumter County acquire jurisdiction of the defendant in this case by service of the summons and complaint in the case upon an officer of the defendant corporation in Richland County where the defendant has its home office?

Under the law of this State, suits brought against an insurance company doing business in this State may be brought in any county in which the loss occurs. See Sections 423 and 7997, Code 1932. The action involved in this case is not a suit to recover a loss sustained under a policy issued by the defendant, but, under the allegations of the complaint, the action is a suit to recover against the defendant damages alleged to have been suffered by the plaintiff on account of alleged wrongful acts of the defendant in failing and refusing to issue and deliver to the plaintiff a certain policy of insurance which the plaintiff alleges the defendant contracted to deliver. Therefore the above sections of the Code referred to are not applicable to this case. But, under our view, the law applicable to other domestic corporations doing business in this State, in determining the place of venue, is applicable to the case at bar.

It is the position of appellant that the record fails to show that the defendant, at the time involved, was conducting any business in the County of Sumter or that it had an agent in the said county at the time in question and, for that reason, the lower Court should have transferred the case to the Court in Richland County for trial; and it is appellant's further position that the suit should have

been transferred to Richland County because of the fact that there was no service upon the defendant's agents in Sumter County but that the service was made on an officer of the defendant company in the County of Richland where it has its home office. Under our view, the failure on the part of the plaintiff to serve the defendant's agent in Sumter County, if defendant had an agent in said county, entitled the defendant to have the case transferred to the Court in Richland County, in which county the service was made upon an officer of the defendant where the defendant's home office is located. We consider it unnecessary to pass upon the questions raised regarding the lack of proof to show that the defendant was conducting its business in the said County of Sumter, or that it had an agent therein at the time involved, and we express no opinion as to these questions.

In connection with the views expressed, we call attention to the case of *Singletary v. Humphrey-Coker Seed Co.*, 145 S. C., 539, 143 S. E., 269, 271, and to the following language appearing in the opinion: "Under the decisions of this Court, it is the recognized rule in this State that a domestic corporation is presumed to reside in any county where it maintains an agent for the transaction of its business, and can therefore be sued in any such county by service of process upon such agent therein." In connection with the questions involved, we also call attention to the following cases: *Taylor v. News & Courier*, 156 S. C., 537, 153 S. E., 571, 572; *Bass v. American Products Export & Import Corporation*, 124 S. C., 346, 117 S. E., 594, 30 A. L. R., 168; *Patterson v. Fertilizer Co.*, 120 S. C., 478, 113 S. E., 318, and *McGrath v. Piedmont Mutual Insurance Co.*, 74 S. C., 70, 54 S. E., 218, and cases therein cited.

It is therefore the judgment of this Court that the judgment of the lower Court be and is hereby reversed, and that the case be and is hereby remanded to the lower Court, with instructions to issue an order transferring the case to the

Richland County Court or the Court of Common Pleas for Richland County for trial.

MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.

MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON (concurring) : I think that a word of explanation is necessary to explain how Magistrate W. M. Reynolds had jurisdiction to try a case where the prayer of the complaint demanded judgment for the sum of $1,000.00 and to render a judgment in the sum of $152.50. Under the constitutional provision, Article 5, § 21, the jurisdiction of magistrates is limited in civil controversies to the sum of $100.00. This is the provision governing the entire State and of course, is in full force and effect.

A Joint Resolution was introduced in the General Assembly in 1932, No. 809, at page 1399, to amend Article 5, § 21, of the Constitution, by enlarging the jurisdiction of magistrates in Sumter County. In this Joint Resolution it is provided that the magistrates in Sumter County generally shall have jurisdiction where the amount claimed is not exceeding $200.00 except in the Third Magisterial District, where the amount shall not exceed $1,000.00. This Resolution was duly submitted to the qualified electors in 1932 at the general election then held and carried and became part and parcel of the Constitution.

Pursuant to the authority contained in this amendment of the Constitution, in 1933 an Act of the General Assembly was passed, No. 138, page 167, which gave force and effect to this provision of the Constitution and defined the procedure to be followed in connection therewith. This Act was passed, ratified, and approved by the Governor on the 18th of March, 1933, and became a part and parcel of the statute law of this State.

Magistrate W. M. Reynolds is the magistrate of the Third Magisterial District in the County of Sumter, and his authority to try cases in excess of $100.00 and render

judgment therein is found contained in the amendment to the Constitution in the Act above referred to. There is no exception in the record involving either the Act or the constitutional amendment, but I deem it that this explanation is necessary in connection with the case so that there shall be no confusion as to the application of the case to other magisterial districts than those covered by the amendment of the Constitution.

With this explanation I concur in the opinion of MR. JUSTICE CARTER.