17161

ELLIOTT MARTIN HODGE, Respondent, v. RESERVE LIFE
INSURANCE COMPANY, Appellant

(92 S. E. (2d) 849)

*Messrs. Willcox, Hardee, Houck & Palmer,* and *W.
Laurier O'Farrell, Associate,* of Florence, *for Appellant,*

*Walker E. Anderson, Esq.,* of Hartsville, *for Respond-
ent,*

May 15, 1956.

Stukes, Chief Justice.

The plaintiff in this action, now respondent, by his
amended complaint, seeks damages against the defendant,

which is a foreign corporation, for alleged fraud and deceit in the solicitation for the sale to him of policies of surgical and hospital insurance and in the receipt of premiums thereupon after issuance. It is not an action for breach of the conditions of the policies or for loss occurring thereunder.

The action was commenced in the Court of Common Pleas for Darlington County, which is plaintiff's residence, by service of process upon the State Insurance Commissioner. Defendant, now appellant, moved for an order changing the place of trial to Florence County upon the grounds that the action is *ex delicto* and it has no agent and maintains no office in Darlington County. A supporting affidavit, which was not contradicted, established the facts that the appellant is a Texas corporation, maintains an office in Florence County, but has no office or agent in Darlington County.

The court held that the facts are as stated above but denied the motion under the provision of Section 10-307 of the Code of 1952, which follows: "All suits brought against any and all fire, life or other insurance companies doing business in this State may be brought in the county where the loss occurs. * * *" It was concluded that while the action is in tort for fraud and deceit, the alleged damages arose out of claimed misrepresentations by appellant's agent as to coverage under the policies, which damages occurred in Darlington County in connection with policies issued by appellant, wherefore the alleged damages are within the statutory term, "loss."

*Harrison v. Carolina Mut. Ben. Corporation,* 174 S. C. 338, 177 S. E. 395, was differentiated by the court upon the ground that no policy was issued in that case. We are constrained to conclude that this was error, and that the *Harrison case* controls. We think that the phrase, "where the loss occurs," contemplates loss from a casualty insured against under the terms of the policy. The *Harrison case* was for alleged damages for refusal to issue a policy, an action in tort as here, and it was held that the statute, above

referred to, did not apply because the action was not one to recover a loss sustained under a policy. By parity of reasoning, the action in hand is not for a loss sustained under the policies referred to in the complaint, but in tort for damages resulting from the alleged fraud, deceit and misrepresentations as to the coverages of the policies.

Apparently the most recent decision in which the statute, here invoked to maintain jurisdiction in Darlington County, was considered is *Padgett v. Calvert Fire Ins. Co.*, 221 S. C. 166, 69 S. E. (2d) 565, which upheld jurisdiction in Colleton County where the loss occurred. Compare *Willis v. Industrial Life & Health Ins. Co.*, 192 S. C. 304, 6 S. E. (2d) 706, in which jurisdiction of an action in tort against a foreign insurance company depended upon the maintenance of an agent of the company in the county of suit.

Texas has a statute which provides: "Suits on policies may be brought against any life insurance company * * * in the county * * * where the policyholder or beneficiary instituting such suit resides." Vernon's Ann. Civ. St. art. 1995, subd. 28. In holding that a suit by a policyholder to recover the present value of the policy, on the ground that it had been repudiated and breached by the company, was not a suit on the policy within the meaning of this section, the court in *National Life Co. v. Stegall*, 140 Tex. 554, 169 S. W. (2d) 155, 157, said:

"When that meaning is given to the words 'suits on policies', it very clearly appears that actions for the enforcement of policies, whether they are equitable proceedings for specific performance like that considered in *National Life Co. v. Rice, supra* [140 Tex. 315, 167 S. W. (2d) 1021], or suits for the collection of what is due and payable under the terms of the policies, are 'suits on policies' within the contemplation of the statute. On the other hand, actions for the value of policies or for the return of premiums paid, brought by policyholders after repudiation or renunciation of the contracts by the insurers, are not, according to the ordinary signification of the words of the statute, suits on

policies. They are not brought to enforce the policy. They are actions arising out of the policy. The right to institute and maintain them accrues to the policyholder, not directly from the provisions of the policy itself, but rather from the obligation which, because of the insurer's breach, is imposed by law upon it to compensate the policyholder by paying him the value of the policy or to restore to him the premiums paid."

The order under appeal is reversed and the case remanded for entry of order transferring it to Florence County.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.