18200

James SMITH, Plaintiff-Respondent, v. Mrs. Ruby RAMSEY, Defendant-Respondent, and The Travelers Insurance Company, Defendant-Appellant.

(135 S. E. (2d) 849)

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Defendant-Appellant,*

*Messrs. Blatt & Fales,* of Barnwell, *for Plaintiff-Respondent,*

170

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Defendant-Appellant, in Reply,* 

April 16, 1964.

LEWIS, Associate Justice.

This is an appeal from an order refusing a motion by the defendant, The Travelers Insurance Company, to change the venue of this action from Barnwell County to Richland County.

For the purposes of this appeal, the facts are not in dispute. The plaintiff, a resident of Colleton County was an insured under a policy of automobile liability insurance issued by the defendant. The policy covered liability arising out of the negligent operation of the insured vehicle and obligated the company to defend any action brought against an insured party. The plaintiff was involved in a collision in Colleton County on June 11, 1961, in which Mrs. Ruby Ramsey was injured. She subsequently brought suit against him in the Court of Common Pleas for Barnwell County to recover for her injuries. The defendant was requested under the policy provisions to defend that action on behalf of the plaintiff but refused to do so, and Mrs. Ramsey recovered a default judgment against the plaintiff in the amount of $25,000.00, of which the defendant thereafter paid the sum of $10,000.00, leaving a balance of $15,000.00 due by the plaintiff to Mrs. Ramsey on the judgment. Subsequently, this action was instituted by the plaintiff in Barn-

well County against the defendant to recover the unpaid portion of the judgment on the ground that it was obtained against him as a result of the negligent failure of the defendant to perform its policy obligation to defend the action brought against him by Mrs. Ramsey. It was alleged that the balance due under the judgment could now be settled for the sum of $10,000.00, and recovery is sought in that amount.

Mrs. Ramsey was made a party defendant so as to protect her rights in any recovery which may be had in this action. It is agreed that her presence as a party in no way affects the issue of venue involved in this appeal.

Upon the service of the summons and complaint, the defendant moved to change the venue of this action from Barnwell County to Richland County upon the ground that it was not a resident of Barnwell County. The lower court denied the motion, holding that, while the defendant admittedly was not a resident of Barnwell County, the plaintiff's loss which gave rise to the instant action occurred in that county and, therefore, venue was properly laid therein under the authority granted by Section 10-307 of the 1962 Code of Laws, the pertinent portion of which is as follows: "All suits brought against any and all fire, life or other insurance companies doing business in this State may be brought in the county where the loss occurs."

This appeal by the defendant challenges the holding by the lower court that the instant action is one to recover for a loss which occurred in Barnwell County.

Section 10-307 permits corporations doing business in this State to be sued, not only in the county of their residence, but also "in the county where the loss occurs."

The phrase "where the loss occurs," as used in the statute, "contemplates loss from a casualty insured against under the terms of the policy." *Hodge v. Reserve Life Insurance Co.*, 229 S. C. 326, 92 S. E. (2d) 849. The word "loss" in connection with insurance, and

under the present statute, is a comprehensive term and means any injury, destruction or damage resulting from the occurrence of the contingency insured against. 44 C. J. S. Insurance Section 49.

Therefore, to sustain venue of the present action in Barnwell County, it must appear (1) that the action is one for a loss under the policy, and (2) that such loss occurred in that county.

The liability policy in question obligated the defendant to do two things, namely: (1) Defend any action brought against the insured arising out of the negligent operation of the covered vehicle, and (2) pay within the policy limits the adjudicated liability of the insured for the negligent operation of the vehicle. The present action is one to recover the damages sustained by the plaintiff from the alleged negligent failure of the defendant to perform its contractual obligation to defend the action brought by Mrs. Ramsey against him in Barnwell County. The obligation on the part of the defendant to defend any such action brought against the plaintiff was just as much an integral part of the coverage afforded by the policy in question as was the obligation to pay within the policy limits any judgment obtained against the insured. The liability of the defendant to defend, therefore, arises directly from the provisions of the policy itself. When the defendant negligently failed to defend the insured and damage resulted to him by reason thereof, the insured sustained a loss insured against under the policy and such a loss as is contemplated by the provisions of Section 10-307.

We think that the present action is not only one for recovery of a loss under the liability policy, but that the loss occurred in Barnwell County where the defendant failed to defend and where judgment was recovered against the plaintiff. Admittedly, the loss suffered by the plaintiff under the policy must have occurred either in Colleton County, where the wreck occurred, or in Barnwell County, where the defendant negligently failed to de-

fend the suit brought against plaintiff. The contingencies which would impose liability upon the defendant under the policy were (1) the bringing of an action against the insured and (2) the recovery of judgment against him in such action. Both of the contingencies insured against occurred in Barnwell County. It was there that the defendant allegedly failed to defend the action which resulted in the recovery of judgment against the plaintiff. We agree with the lower court that, where suit is brought and liability adjudicated against an insured under a policy of liability insurance which contains an agreement to defend and the liability of the insured results from a breach by the insurer of such policy provision, a loss is sustained by the insured where the suit is brought and liability adjudicated—in this instance, in Barnwell County.

The defendant argues the additional question in its brief that there is no showing of any loss to the plaintiff, since he does not allege that any execution has been issued on the judgment recovered against him, that he has any property which would be affected by any such execution, or that such judgment in any way results in any loss to him. The record fails to show that this question was raised in the court below, nor is it referred to in the exception. The question, therefore, is not properly before us.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.